# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| MS PAWN CORP. and MS PAWN, L.P., | § |
| | § No. 84, 2016 |
| Defendants Below-<br>Appellants, | § |
| | § |
| | § Court Below—Court of Chancery |
| v. | § of the State of Delaware |
| | § C.A. No. 9962 |
| LAWRENCE TREPPEL, | § |
| | § |
| Plaintiff Below-<br>Appellee. | § |
| | § |

Submitted: February 24, 2016
Decided: March 10, 2016

Before **STRINE**, Chief Justice, **HOLLAND**, and **VALIHURA**, Justices.

## ORDER

This 10th day of March 2016, upon consideration of the notice of interlocutory appeal and supplemental notice of interlocutory appeal, it appears to the Court that:

(1)     The defendants-appellants, MS Pawn Corp. and MS Pawn L.P. ("MS Pawn"), have petitioned this Court, under Supreme Court Rule 42, to accept an appeal from an interlocutory memorandum opinion of the Court of Chancery dated January 25, 2016, as revised on January 27, 2016 ("Opinion"), and the order reconsidering in part and implementing the Opinion dated February 23, 2016 ("the Implementing Order").

(2)     Among other things, the Opinion and Implementing Order denied MS Pawn's motion to dismiss the plaintiff-appellee's amended stockholder derivative

complaint under Court of Chancery Rules 23.1 and 12(b)(6). The Opinion held that the entire fairness framework governed the challenged transactions, which consisted of three advisory services agreements, between EZCORP (a Delaware corporation which is controlled by Phillip Ean Cohen through MS Pawn) and Madison Park LLC (another Cohen-controlled entity), as a result of which Cohen received a non-ratable benefit.

(3)    MS Pawn filed its application for certification to take an interlocutory appeal in the Court of Chancery on February 4, 2016.[1] The Court of Chancery denied the certification application in a bench ruling on February 22, 2016. In denying certification, the Court of Chancery noted that, while there was an arguable conflict in previous Court of Chancery decisions regarding the application of the entire fairness standard under analogous circumstances, the substantial weight of authority supported the application of the entire fairness standard in this case. Applying Supreme Court Rule 42, the Court of Chancery concluded that it was uncertain that the likely benefits of an interlocutory appeal would outweigh the probable costs; thus, certification should be refused.

(4)    We agree. Applications for interlocutory review are addressed to the sound discretion of this Court. In the exercise of its discretion, this Court has

---

[1] In its application, MS Pawn sought certification of two issues for interlocutory appellate review. The first issue, however, was rendered moot by the Court of Chancery's Implementing Order, which substantively modified the Opinion.

2

concluded that the application for interlocutory review does not meet the requirements of Supreme Court Rule 42(b) and should be refused.

NOW, THEREFORE, IT IS HEREBY ORDERED that the within interlocutory appeal is REFUSED.

BY THE COURT:

_____
Justice

3